POLLY HODGES v. JOSEPH HODGES.

*Where alimony alone is sought, no decree before final hearing.*

The statutes upon the subject of divorce do not authorize an allowance of alimony *pendente lite* unless the petitioner seeks a dissolution of the marriage relation or a separation from bed and board. When the application is for alimony alone, it cannot be decreed before the final hearing, and the amount or specific property to be assigned is left to the discretion of the court, regard being had to the husband's condition and means wherever situate in determining its value.

*Wilson* v. *Wilson*, 2 Dev. & Bat., 377, cited and approved.)

PETITION for Divorce tried at Spring Term, 1879, of HAL-IFAX Superior Court, before *Eure, J.*

The plaintiff at spring term, 1876, of Halifax superior court, by her petition duly verified and charging the defendant, her husband, with desertion and adultery, applied for a decree of divorce from the bonds of matrimony, and if not entitled thereto, from bed and board and for alimony. At the same term the prayer for divorce or separation was withdrawn, and a motion was made, upon the allegations contained in her petition, for an allowance for her reasonable support pending the application. The judge thereupon in an interlocutory order, caused to be set apart for her use a small lot in the town of Weldon belonging to the defendant, subject to an unexpired lease at a monthly rent of ten dollars, and the unpaid rent-money due and to become due, and directed a writ to issue at the termination of the lease to put her in possession. The defendant had not then been served with process, but became a party to the proceeding at spring term, 1877. The plaintiff was put in possession of the lot by the sheriff on the 18th day of February, 1877, the lease having expired nine days previous, but she has re-

ceived none of the rent-money.    At spring term, 1879, the
counsel of defendant, on affidavit, moved for a rescission of
so much of the order for alimony as assigns his real estate,
which was refused and thereupon the clerk was directed to
enquire and report at the succeeding term the value of the
defendant's annual income, and the annual rental value of
the assigned lot, which is the only property the defendant
possesses in this state.    From the denial of his motion to
rescind, the defendant appealed.

*Mr. R. O. Burton, Jr.,* for plaintiff.
*Messrs. Day & Zollicoffer, Hill* and *Batchelor,* for defendant.

SMITH, C. J.    After the decision in *Wilson* v. *Wilson,* 2.
Dev. & Bat., 377, (at June term, 1837,) declaring that the
" courts are not authorized to make allowances for alimony
before the complaint of the wife shall be finally tried," the
act of 1852, ch. 53, was passed conferring the power in ex-
press terms.    Revised Code, ch. 39, § 15.    This act provides
that " in all petitions for divorce and alimony, *or for alimony,*
when the matter set forth in such petition shall be suf-
ficient to entitle the petitioner to a decree for alimony, the
court may, in its discretion, at any time pending the suit,
decree such reasonable alimony for the support and suste-
nance of the petitioner and her family as shall seem just
under all the circumstances of the case," including as well
those cases in which alimony alone, as the final object of
the suit, is sought, as those in which both separation and
support are demanded.

But in the revising and superseding enactment of Feb-
ruary 12th, 1872, entitled " An act concerning marriages,
marriage settlements, and the contracts of married women,"
which went into effect on the first day of July following,
(section 38, relating to alimony *pendente lite* and which cor-
responds to and is substituted for section 15 of chapter 39 of

the Revised Code,) there is a material modification, and the language is: " If any married woman shall apply to a court for a divorce from the *bonds of matrimony*, or from *bed and board*, and shall," &c., omitting therefrom the words " *or for alimony*" found in the pre-existing law.    Bat. Rev., ch. 37, § 10.

The succeeding section 39 (section 11 in the Revisal) is as follows: " If any husband shall separate himself from his wife and fail to provide her with the necessary subsistence, according to his means and condition in life, or if he shall be a drunkard or spendthrift, the wife may apply for a special proceeding to the judge of the superior court for the county in which he resides, to have a reasonable subsistence secured to her and the children of the marriage from the estate of her husband; and it shall be lawful for such judge to cause the husband to secure so much of his estate as may be proper according to his estate and circumstances, for the benefit of his said wife and children, having regard also to the separate estate of the wife."    This looks to a final decree, and leaves to judicial discretion the sum or specific property to be assigned and set apart to the complaining wife, regarding not only the property which the process and power of the court can reach and appropriate, but the husband's condition and means, wherever situate, in determining the amount and value of the allowance.    The alimony is not restricted to a *maximum* "of one-third part of the net annual income from the estate, occupation or labor of the party," as provided in cases of divorce from bed and board in section 37.    Bat. Rev., ch. 37, § 9.

An examination and comparison of the legislation on the subject bring us to the conclusion that when alimony alone is demanded (and this application becomes such by the withdrawal of the prayer for other relief,) the court can only decree it upon the final hearing, and its allowance *pendente*

*lite* can only be made when the petitioner seeks to dissolve the marriage relation or a separation from bed and board.

The order of spring term, 1876, was improvidently made, and should have been annulled on the defendant's motion. There is error in the refusal of the judge to do so. This will be certified to the court below, that further proceedings may be had therein in accordance with this opinion.

Error.                                    Reversed.