SARAH TAYLOR v. LEROY TAYLOR et als.

*Divorce—Alimony—Dower—Curtesy.*

1. Alimony is that part of the husband's estate which is allotted to the wife for her support during the period of a judicial separation.

2. The property rights of both husband and wife remain unchanged by a divorce *a mensa et thoro* and an allowance for alimony, and on the death of the husband, the wife is entitled to dower, and if he die intestate, to her distributive share in his personal estate, and on the death of the wife, the husband is entitled to curtesy and to administer on her estate.

3. After a divorce *a mensa et thoro*, the wife holds, and may dispose of her property as a *feme sole*.

4. Where alimony is allotted to the wife in specific property of the husband, the title to such property remains in him, and will revert at the death of the wife, or upon a reconciliation.

5. Alimony ceases upon a reconciliation, or the death of either party, and may be reduced or enlarged at any time in the discretion of the Court.

6. Where a decree in an action for divorce *a mensa et thoro*, directed that the husband pay a sum in gross, and be discharged from all further liability for the support of his wife; *It was held*, that after his death, the wife was entitled to dower in his lands.

(*Rogers* v. *Vines*, 6 Ired., 293, cited and approved).

SPECIAL PROCEEDING, heard on appeal from an order of the clerk, by *Philips, Judge,* at Spring Term, 1885, of the Superior Court of RUTHERFORD county.

The plaintiff alleged in her complaint that she was the widow of W. W. Taylor, who died on the 9th day of October, 1883; that she was married to the said W. W. Taylor in the year 1852, and lived and cohabited with him for sometime thereafter; that she was divorced from him *a mensa et thoro*, by a decree of the Superior Court of Rutherford county, at the Spring Term, 1856, of which the following is a copy, to-wit: "This cause coming on to be heard upon the petition and answer, former orders, and finding of the jury, on motion of counsel and with consent of parties, it is ordered, adjudged and decreed, that the parties be, and they are hereby, divorced from bed and board, which shall

·continue until a reconciliation shall take place between them ; and it is further ordered, adjudged and decreed, that the plaintiff shall have power to sue and be sued as a *feme sole*, and that she may, and is hereby invested with power to acquire, retain and dispose of property in her own name, by purchase, gift, devise ·or descent, free and discharged from every and all liability whatever; and it is further ordered, adjudged and decreed, that the defendant pay his costs incurred in this Court in defence of this suit, to be taxed by the clerk, and that he pay the further sum of two hundred dollars to the plaintiff as alimony, in consideration of which he is hereby discharged and acquitted from all liability to maintain, support and provide for the plaintiff in future."

That the said W. W. Taylor, at the time of his death, was seized and possessed of two tracts of land lying in the county of Rutherford, containing about four hundred and twenty-two acres; that he made a last will and testament which was duly admitted to probate, in which he devised the said land to the defendant Leroy Taylor, and from which she entered her dissent.

The defendants demurred to the complaint of the plaintiff, and alleged as ground therefor, "that the complaint does not state facts sufficient to constitute a cause of action, in this : that according to plaintiff's own showing, on the face of the complaint, the defendants' testator, W. W. Taylor, was by decree ·of the Court, and with the consent of the plaintiff, discharged and acquitted from all liability to maintain, support, and provide for plaintiff in future."

The demurrer was overruled by the Clerk. The defendants O. P. Taylor and Leroy Taylor moved through their counsel for leave to answer. The motion was refused by the Clerk, and judgment given that a writ of dower be issued, from which the said defendants Leroy and O. P. Taylor appeal to the Judge of the Superior Court, and his Honor adjudged that the judgment of the Clerk of the Superior Court, in overruling the demurrer, be sustained. From which judgment the said defendants appealed to this Court.

Mr. J. A. Forney, for the plaintiff.
No counsel for the defendants.

ASHE, J., (after stating the facts).   The Judge, on the appeal
from the Clerk, sustained his judgment in overruling the de-
murrer, but omitted to adjudicate upon the question whether the
defendants, upon overruling the demurrer, had the right to an-
swer the complaint, so that the only question presented by the
record upon the appeal from the judgment of his Honor is, was
there error in his judgment in sustaining the judgment of the
Clerk ?

The defendants' counsel contended that by the decree of di-
vorce, a sum in gross was awarded the plaintiff, which was paid
by the husband, and accepted by her in full satisfaction of her
claims on him for maintenance, support, and provision, and as
dower is given for the maintenance, support, and sustenance of
the wife, the husband's estate was discharged from all further
liability for her support, and consequently his estate was dis-
charged from her claim of dower.

This contention is founded on a mistaken notion of alimony,
and the relative rights of husband and wife upon a divorce a
mensa et thoro.   Alimony, in its legal sense, may be defined to
be that proportion of husband's estate, which is judicially al-
lowed and allotted to the wife for her subsistence and livelihood
during the period of their separation.   Shelford on Marriage and
Divorce, 586.   " It is not a sum of money, or a specific propor-
tion of the husband's estate, given absolutely to the wife; but it
is a continuous allotment of sums, payable at regular periods for
her support from year to year."   2 Bishop on Marriage and
Divorce, §427.

Instead of the allotment of a certain sum to be paid from
year to year, the decree in the case referred to in the pleadings,
gave the plaintiff a sum in gross, which she consented to take in
lieu of all future allotments, and the husband was thereby dis-
charged from any liability to be charged with any other sums

for her support during their separation. That is so clearly the meaning and effect of the decree, that we cannot conceive how any other construction could be put upon it.

The property rights of the parties separated, remain in general unchanged. The only exception to this is, that she may hold during the separation, as a *feme sole*, any such property as she may acquire by her own industry, or the donations of her friends. Such is held to be her own property, which she holds against her husband and his creditors, and may dispose of as if she were a *feme sole*. But when the alimony is allotted out of the specific property of her husband, she acquires no such right, but the property continues in the husband, and will revert in possession to him upon her death or reconciliation.

For it is given to her until a reconciliation, and notwithstanding the divorce, the husband will be entitled to his curtesy in her lands, and the wife to dower in his, just as if there had been no divorce; and the husband would still have the right to reduce her *choses in action* into possession, and upon her death administer upon her estate—Schouler on Domestic Relations, §222—and the wife cannot only claim her dower upon the death of her husband, but claim her distributive share of his personal estate, in case he dies intestate. 2 Scribner on Dower, 515; Bishop on Marriage and Divorce, *Ibid*; 2 Blackstone Com., p. 130. But we need not go out of our own State for authority upon the subject. In *Rogers* v. *Vines*, 6 Ired., 293, Chief Justice RUFFIN, who delivered the opinion of the Court, has given a very full and clear exposition of the law appertaining to the legal rights of husband and wife during a separation under a decree of divorce *a mensa et thoro.*

Speaking of alimony, he said: "In its nature then, it is a provision for a wife separated from her husband, and it cannot continue after reconciliation or the death of either party. There is no occasion for it after the death of the husband, for she then becomes entitled to *dower* and a distributive share, though divorced *a mensa et thoro ;* unless, indeed, she should lose dower

by leaving her husband and living in adultery. Co. Lit., 32, 33. Moreover, the decree for alimony, vests in the wife no absolute right to the allowance, whether it consists of money, or specific things; for, besides that it ceases upon reconciliation, it may be changed from time to time, and reduced or enlarged at the discretion of the Court."

There is no error in the judgment of his Honor in sustaining the judgment of the clerk in overruling the demurrer, but the clerk was in error in refusing to allow the defendants to answer, after overruling their demurrer. The cause must therefore be remanded to the Superior Court of Rutherford, that the defendants may answer the complaint of the plaintiff, should they still be advised so to do.

Error.                                                              Remanded.