LEORA CREWS v. GEORGE CREWS.

(Filed March 6, 1918.)

**1. Alimony—Statutes—Divorce.**

The granting of alimony without divorce is now regulated by Statute, Revisal, sec. 1567, independent of the equity jurisdiction under which such proceedings were formerly cognizable.

**2. Same—Issues—Trial by Jury—Constitutional Law.**

When in proceedings for alimony without divorce the pleadings raise the issues of the validity of marriage between the parties, or whether the husband had separated himself from the wife and failed to provide her suitable or reasonable sustenance, or the husband is a drunkard or spendthrift (Revisal, sec. 1567), the right of trial by jury arises to the defendant, and the case should be transferred by the judge to the civil issue docket for the purpose, Revisal, secs. 529, 717; Const., Art. I, sec. 19.

**3. Same—Courts—Questions of Law.**

Where in proceedings for alimony without divorce, Rev., sec. 1567, the issues are found for plaintiff by the jury, or are not raised by the pleadings, or are admitted by the parties, or waived in the methods specified and prescribed by law, *i. e.*, by failing to appear at trial, by written consent filed with the clerk or by oral consent entered on the minutes of the court, the amount of the alimony and how the same is to be secured, etc., are questions of fact to be determined by the judge, having regard to the condition and circumstances of the parties, including also the separate estate of the wife, if she have any. *Easeley v. Easeley,* 173 N. C., 530, cited and distinguished.

**4. Alimony — Divorce — Independent Support — Statutes — Abandonment— Pleadings.**

Where the pleadings, in proceedings for alimony without divorce, Revisal, sec. 1567, raise the issue as to whether the wife has wrongfully left the home the husband had provided, etc., it should be submitted to the jury for determination, the husband not being required to provide her with an independent support.

**5. Alimony—Courts—Evidence—Abandonment—Statutes.**

The trial judge may not pass upon the issuable facts in proceedings for alimony without divorce, Revisal sec. ........., upon evidence introduced before him theretofore upon a trial of the husband for abandonment, etc., of which he was acquitted, when the witnesses are present and ready to testify. *Cooper v. R. R.,* 170 N. C., 490, cited and distinguished.

**6. Alimony—Judgments—Divorce — Motions — Modification—Termination— Statutes.**

A judgment awarding alimony in suits for divorce *a mensa et thoro* or as an independent right under the statute, Revisal, sec. 1567, is not final, and may thereafter be modified on motion and sufficient evidence; and it terminates on the death of either of the parties, or on their reconciliation.

7. Alimony—Judgments—"Estates"—Earnings.

> The award to the wife of alimony from the husband's "estate," includes within the statutory meaning of the word, the husband's income, whether arising from permanent property and investments or his earnings from legitimate labor, etc. *Skittletharpe v. Skittletharpe*, 130 N. C., 72, cited and on that point overruled.

SPECIAL PROCEEDINGS for award of "alimony without divorce," under section 1567, Revisal, heard at chambers 9 October, 1917, by *Whedbee, J.;* Fall Term, 1917, of VANCE.

It appears that, a few days prior to this time, the defendant, in term, had been tried and acquitted on an indictment of criminal abandonment of the plaintiff. The case on appeal states that, on the call of the present cause, his Honor, on inquiry, being informed that it was the same case which had been tried in term a few days before, said he was familiar with the facts and, over defendant's objection, proceeded to hear and determine the cause "from the evidence heard in the criminal case and which was in his mind at the time of the present hearing," which facts are set out in the record as the basis of his Honor's judgment and tending to show a separation had or, in any event, caused by the wrong of the husband.

On these facts, the court entered judgment as follows:

"This proceeding for alimony being heard by his Honor, Judge H. W. Whedbee, the court, after having heard the evidence and arguments of counsel for both parties, doth find that the parties are living in a state of separation, and that defendant left his wife and three children in New York in June, and returned to this State, and has not since provided for them, and that he has no property and is an able-bodied man, able to earn at least $20 per month, the court doth order that defendant pay to his wife $10 each month, including October, 1917, which shall be paid on or before 15 November, 1917, for the support of his wife and· children, and that he be allowed to see the children at all reasonable times, and that this provision shall cease if the plaintiff shall remove the children from the State, without consent of defendant, and defendant is to pay the costs."

From this judgment defendant, having duly excepted, appealed, assigning for errors chiefly:

1. That issues of fact were raised on the pleadings which his Honor had no power to decide.

2. That his Honor had no right to hear and decide the present case on testimony which he had previously heard on the trial of the indictment.

3. That there was no evidence or admission that defendant had separated himself from his wife and failed to provide her with necessary subsistence.

4. That there was no evidence as to who was the wrongdoer.

5. That power to order monthly payments was not conferred by the statute and, in any event, alimony could only be awarded out of the husband's estate.

*T. T. Hicks for plaintiff.*
*T. M. Pittman for defendant.*

HOKE, J. In section 1567, ch. 31, Revisal, entitled "Alimony Without Divorce," provision is made that, "Wherever a husband shall separate himself from his wife and fail to provide her with the necessary subsistence according to his means and condition in life, or if he shall be a drunkard or spendthrift, the wife may apply for a special proceeding to the judge of the Superior Court for the county in which he resides, to have a reasonable subsistence secured to her and to the children of the marriage from the estate of her husband, and it shall be lawful for such judge to cause the husband to secure so much of his estate as may be proper according to his condition and circumstances, for the benefit of his said wife and children, having regard also to the separate estate of the wife."

Prior to the enactment of this statute, and without one, the courts of this State have been classified as among those who formerly afforded this relief in proper cases as an independent source of equity jurisdiction. 2 Bishop on Marriage and Divorce, 5th Ed., sec. 355, citing *Spiller v. Spiller,* 1 Haywood, 482, and other cases. A position said by a discriminating author to be now supported by the weight of authority. 1 Ruling Case Law, title Alimony, sec. 17, pp. 878-879. However this may be, our statute, being more inclusive than our equity causes on this particular subject, now affords the rule with us controlling the rights of parties in these cases, and some of our decisions construing the law hold that it is a special proceedings in all of its aspects except that the same is returnable before the judge instead of the clerk, that the issuable facts are: (1) Whether a valid marriage exists between the parties; (2) Whether the husband has separated himself from the wife and failed to provide her suitable or reasonable subsistence. Or, instead of the last, Whether the husband is a drunkard or spendthrift.

When these issues are admitted by the parties or properly established to be in applicant's favor, the amount of the alimony and how the same is to be secured, etc., are questions of fact to be determined by the judge, having regard to the condition and circumstances of the parties, including also the separate estate of the wife, if she have any. But where these essential issues are made by the pleadings, the right of trial by jury arises to the parties and it then becomes the duty of the judge to

CREWS v. CREWS.

transfer the same for such purpose to the civil issue docket, *Skittle-tharpe v. Skittletharpe,* 130 N. C., 72; *Cram v. Cram,* 116 N. C., 288; Revisal, secs. 529, 717, a right guaranteed to litigants under our Constitution, Art. I, sec. 19, and to be waived by them only in the methods specified and prescribed by law, that is, by failing to appear at the trial, by written consent filed with the clerk, or by oral consent entered on the minutes of the court. Revisal, sec. 540; *Cozad v. Johnston,* 171 N. C., 637; *Hockaday v. Lawrence,* 156 N. C., 319; *Hahn v. Brunson,* 133 N. C., 18; *Wilson v. Bynum,* 92 N. C., 718.

The cases cited by appellee as authority for trial by the court, *Easeley v. Easeley,* 173 N. C., 530, and others, were actions for divorce where the issuable facts were determinative of that right and the matter of alimony *pendente lite* being incidental to the main issue, was to be passed upon by the judge under the express provisions of the statute, but, in this present·case, where the right to alimony is the ultimate question to be determined, it held in this jurisdiction that alimony *pendente lite* is not allowed. *Hodges v. Hodges,* 82 N. C., 122, and the issuable facts raised by the pleadings must first be tried by the jury unless waived in the manner specified by law.

Considering the record in view of these principles, we think it clear that defendant has properly raised the issuable facts, or one of them, on which plaintiff's right to alimony depends, and no proper waiver being made to appear that such issue must be tried by the jury as the law directs.

In his answer, duly verified, defendant makes averment, among other things, as follows:

"1. That paragraph 2 is not true except as hereinafter stated. There are three children of such marriage now living. The plaintiff during or about the month of September, A. D. 1916, at the instance of her sister, who ·then resided in the city of New York, left this defendant's home in Vance County, N. C., and went to New York, taking their said children. ·The defendant followed her about the month of November, 1916, and provided a home for his said wife and children in the city of New York, which they occupied until June, 1917. That during the month of June, 1917, the plaintiff, without cause, abandoned the defendant, and left the home he had provided for her, and without his knowledge or consent, against his will, and in violation of his rights as their father, took the said children away with her, and he has not since that time been able to have communication with her or the said children, though he has repeatedly written to her, asking her to return, and offering to provide for her.

"2. That after the petitioner so abandoned this defendant, he returned to his home in Vance County, and has since employed himself industri-

ously and steadily in honest labor. On or about the 20th day of July, 1917, the plaintiff came from New York to Henderson for the purpose of instituting criminal proceedings against this defendant and immediately upon her arrival swore out a warrant against him before the Recorder of Vance County, charging him with abandonment and failure to adequately support her and her children begotten by him. That such criminal action was heard first by the recorder, and then by the appeal of this defendant from an adverse judgment of the recorder, was heard and determined at a term of the Superior Court of Vance County, begun and held on the first day of October, 1917. The same was submitted by the court under sections 3355 and 3357 of the Revisal, and resulted in the defendant's acquittal and discharge.

"3. That Paragraph 3 of the petition is not true. This defendant is not only able to work and provide for his wife and children according to his station in life, but does regularly and steadily·work and is willing to provide a home for his wife and children, and there to care for them and provide for them as fully and as adequately as his labor and earnings will permit. He has in writing since the plaintiff's return to North Carolina, offered to provide such home and provide for them. She has chosen to ignore such offer, and testified under oath at the hearing of said criminal action in said Superior Court that she was unwilling to return to this defendant and live with him. She left one or more of the children in New York, outside the jurisdiction of the court."

True, we have held that when the husband has separated himself from his wife and failed to provide her reasonable support, the question of whether he was justified in such course is irrelevant to the issue, *Hooper v. Hooper,* 164 N. C., 1; *Skittletharpe v. Skittletharpe,* 130 N. C., 72, and we have held also that when the husband by his cruelty and neglect has forced the wife to leave his home, such conduct may be imputed to him for a separation and abandonment, within the meaning of·the law, *High v. Bailey, Admr.,* 107 N. C., 70, but neither the letter nor the meaning of the present statute permits or requires the construction that when a wife wrongfully leaves the home provided for her by the husband an independent right to alimony should arise to her and requiring that under such circumstances the husband should provide her with an independent support.

As heretofore stated, we are of opinion that the answer, properly interpreted, raises an issue in bar of plaintiff's right, and that the same must be determined by the jury pursuant to the law. And the objection that the case was heard and decided from the evidence taken a few days before in the indictment against the defendant for abandonment must also be sustained. There are cases where the testimony of a witness taken on a former trial may be introduced, as when the witness is dead

or has since become insane and in some other instances where his evidence is not available in person or by deposition, and then it must in some way be again introduced; but we are aware of no principle or precedent that justifies such admission when the witnesses are alive, present, and ready to testify. *Cooper v. R. R.,* 170 N. C., 490; 10 R. C. L.; Law Ev., sec. 143, p. 966.

Objection is further made to the form of the judgment in that it makes provision for alimony by monthly payments and not out of the "estate" of defendant, as the statute in terms directs. In *Skittletharpe v. Skittletharpe,* 130 N. C., 72, the Court, referring to the proper form of judgment in these cases, held that, under the terms of the statute providing that payment should be made from the estate of the husband, a judgment directing monthly payments was improper, and it was further held that judgment in these proceedings should be of a temporary nature and not permanent or final. So far as a judgment in these cases is not final in its nature and effect, the ruling under our statutes and decisions applicable is undoubtedly correct. A judgment for alimony is never final in the sense that it is always and forever enforcible and cannot be modified on motion and sufficient evidence. Growing out of the obligation of the husband to properly support his wife, it is not allowed with us as a matter of statutory right in divorces *a vinculo. Duffy v. Duffy,* 120 N. C., 346, and whether awarded as an incident to divorce *a mensa et thoro* or as an independent right under the present statute, and whether in specific property or current payments, it terminates on the death of either of the parties or on their reconciliation, and it may be modified, too, on sufficient change of circumstances to justify and require it. *Taylor v. Taylor,* 93 N. C., 418; *Rodgers v. Vines,* 28 N. C., 293. But in holding that the judgment in these cases is restricted to tangible property or rents or issues out of property investments, we think that the case referred to was not well decided.

At the time this present statute was enacted, it was and had long been the accepted definition of alimony with us, that it was "that portion of the husband's estate properly awardable to the wife for her support during the period of separation adjudged or permitted by the law." *Taylor v. Taylor, supra,* and, under the uniform decisions of our Court applicable, it could be assigned and was appropriated both from tangible property and investments as well as from earnings and even the capacity to earn was among the facts to be considered in making a just and proper award of such a claim. *Saunders v. Saunders,* 167 N. C., 317; *Taylor v. Taylor, supra; Miller v. Miller,* 75 N. C., 70; 2 Bishop on Marriage and Divorce, 5 Ed., 446.

The term "estate" in this connection has reference to the husband's income, whether arising from permanent property and investments or

the earnings of his legitimate labor, and it was in reference to this established and accepted definition of "estate" that the term was used in the statute, and so far as the form is concerned, the judgment here entered, and notwithstanding the decision to the contrary in *Skittletharpe's case,* is held to be correct.

For the reasons heretofore stated, however, the said judgment must be set aside, that the determinative issues raised by the pleadings be referred to a jury for decision.

Error.