CLARK, C. J., concurring in part; ALLEN, J., dissenting; WALKER, J., concurring in the dissenting opinion.
The judge made an allowance to the plaintiff for subsistence of $200 on 1 April, 1920, upon due notice. No exception was taken to this allowance, and it was paid in full by the defendant. The case was then continued for further hearing until 11 May, 1920, to be heard at the courthouse in Wentworth. At that time an allowance was made to the plaintiff of $75 for herself and children, together with $250 attorneys' fees in addition. In his first order the judge finds as a fact: "That the defendant has left the plaintiff, and has taken from her without legal process the four older children, and has failed and refused to support the said plaintiff, and has refused to let her see the said four children, and has taken under claim and delivery all the household and *Page 466 
kitchen furniture and provisions, and has locked them up; and it further appearing to the court that the baby, two years old, is still with the plaintiff, and that the defendant is trying to, without legal process, take that child from the plaintiff."
Upon this finding we are of opinion that the plaintiff is entitled to an allowance for necessary subsistence pending the action and until the issues can be determined by a jury. In our judgment it is immaterial what counter charges the defendant makes against the plaintiff. If he has separated from her, he must support her according to his means and condition in life, taking into consideration the separate estate of the wife, until the issues can be determined by a jury. The sum allowed for subsistence must be left to the sound discretion of the Superior Court judge, and there is no evidence of an abuse of such discretion in this case.
The act of 1919 is plainly intended to supersede the statute heretofore regulating alimony pendente lite, and consequently all the decisions bearing thereon are of no value. The Legislature has carefully avoided the use of the word "alimony" anywhere in the statute. Counsel fees have heretofore been allowed as comprehended under the term alimony because they were necessary in order to enable the wife to prosecute her action. But in this statute the word subsistence is used and the word alimony omitted, and there is no provision whatever that we can find authorizing the allowance of counsel fees in a proceeding brought under the statute.
We are of opinion that the order allowing subsistence should be affirmed, and that the order allowing counsel fees should be reversed.
Modified and affirmed.