HOSEA BARBEE, EXECUTOR GREEN BARBEE, v. BERLINA BARBEE.

(Filed 9 April, 1924.)

**1. Husband and Wife—Widow's Reasonable Support—Statutes—Actions—Issues—Validity of Marriage.**

The effect of C. S., 1667 (amended by chapter 123, Public Laws of 1921), has been changed by statute, chapter 24, Public Laws of 1919, and thereunder it is not now required that an issue involving the validity of the marriage be first determined before the wife may sustain her civil action against her husband for an allowance for a reasonable subsistence and counsel fees, pending the trial and final determination of the issue relating to the validity of the marriage.

**2. Same—Death of Husband.**

The right of the wife, in proper instances, for her reasonable support and counsel fees, continues only during the lifetime of·the husband or the separation of the wife from him, the widow, after ·his death, having in lieu thereof, acquired a widow's right and interest in his property.

APPEAL by plaintiff from *Devin, J.*, at September Term, 1923, of DURHAM.

Civil action instituted by Green Barbee to have the record of marriage licenses in the office of the register of deeds for Durham County purged of a marriage license purporting to have been issued to Green Barbee and Berlina Barbee, and the return thereon tending to show the celebration of a wedding under and by virtue of said license, it·being alleged that the same was spurious, a fraud upon his rights, and constituted a cloud upon the title of his real estate.

The defendant set up a cross-action or counterclaim, alleging that the said record was valid and regular in all respects; ·and defendant asked for an allowance 'for a reasonable subsistence and counsel fees pending the trial and final determination of the issues involved in said action, under authority of C. S., 1667, as amended by chapter 123, Public Laws 1921.

From an order granting the defendant an allowance for a reasonable subsistence and counsel fees, the plaintiff appeals.

*Brogden, Reade & Bryant for plaintiff.*
*R. O. Everett and Brawley & Gantt for defendant.*

STACY, J.  Plaintiff takes the position that where the fact of marriage is in issue, as it is here, no order awarding an allowance for a reasonable subsistence and counsel fees under C. S., 1667, as amended by chapter 123, Public Laws 1921, may be made until such issue has been determined by a jury.  Such was the holding in *Crews v. Crews,*

175 N. C., 169, decided 6 March, 1918, but the law in this respect has been changed by chapter 24, Public Laws 1919; and it is now provided by statute that the wife may make application for an allowance for a reasonable subsistence and counsel fees "pending the trial and final determination of the issues involved in such action." His Honor finds as a fact for the purposes of his order, but without prejudice to the rights of either party on the hearing, that the marriage relation existed at the time of the commencement of the action and at the hearing of the motion for an allowance. This finding is supported by ample evidence.

The order, which forms the basis of plaintiff's appeal, is subject to no legal error. For an interesting discussion of the subject, see *Hite v. Hite*, 45 L. R. A., 793.

It appears that after the signing of the order in question and pending the appeal to this Court, Green Barbee died and his executor has come in and made himself a party to this proceeding.

Of course defendant's allowance for a reasonable subsistence ceased with Green Barbee's death, as she then acquired a widow's interest and rights in his property, if such she really be, which is denied by the executor. *Gaines v. Gaines*, 9 B. Mon. (Ky.), 299; 48 Am. Dec., 425; 2 A. & E. Enc., 139. "The right to alimony continues only during the lifetime of the husband, or during the separation of the wife from him." *Lockridge v. Lockridge*, 28 Am. Dec., 52. There is no provision in our statute which authorizes a continuance of the allowance for a reasonable subsistence after the death of the husband. *Knapp v. Knapp*, 134 Mass., 353.

Affirmed.