### EULA VICKERS v. BAXTER VICKERS.

(Filed 22 October, 1924.)

**1. Husband and Wife—Alimony—Judgments—Orders—Evidence—Findings.**

Upon a motion to set aside or modify an order for alimony without divorce, the effect of the refusal of the court to grant the motion is an affirmance of the findings previously made; and when these are sufficient, the order presently made will be upheld.

**2. Same—Affidavit of Wife.**

Where, in an action for alimony without divorce, the evidence is otherwise sufficient to sustain the order granting the alimony or refusing to modify it, the fact that the affidavit of the wife upon the subject-matter forbidden by statute was filed at the hearing will not have the effect of disturbing the order appealed from; the finding of the willful abandonment of the husband being found by the judge upon supporting evidence.

**3. Same—Issues—Jury.**

Under the amendment to the statute, alimony without divorce may be allowed to the wife, etc., before the determination of the issue by the jury.

CIVIL ACTION, to obtain alimony without divorce, heard, on motion to set aside or modify an order allowing alimony *pendente lite* theretofore made, before *Cranmer, J.,* at chambers, on 24 July, 1924. From DURHAM.

The original order, allowing alimony *pendente lite,* and appointing receiver of defendant's property, was made by his Honor, Sinclair, Judge, on 9 July, 1924, and on further findings of fact by him, as follows:

"The court further finds as a fact that the defendant, Baxter Vickers, has separated himself from his wife, the plaintiff, and his child, and has failed to provide for her and the child, William Vickers, with the necessary subsistence, according to his means in life.

"The court further finds it to be a fact that he has abandoned his wife and child, and since said abandonment has committed various acts of adultery, and that he has left the State, having left with women of lewd character, and the court finds as a fact that his leaving amounts to an abandonment of his wife and child.

"It is further found as a fact that the defendant is a man of property, and that the same is in danger of being squandered and this judgment rendered worthless unless a receiver is appointed to collect the rents and care for said property."

On the hearing of defendant's present motion, the court in effect approves the order of Judge Sinclair as to findings of fact and appointment of receiver, modifies allowance as to amount of alimony, but declines to set aside or otherwise change the former order. Defendant excepts and appeals.

*Brogden, Reade & Bryant for plaintiff.*
*Brawley & Gantt for defendant.*

HOKE, C. J. The findings of fact in the original order by Judge Sinclair, supported by the affidavits and evidence offered in behalf of plaintiff, are fully sufficient to uphold the orders made by Cranmer,

Judge, from which the present appeal is taken. True, Judge Cranmer himself does not in express terms make specific findings of fact, but the force and effect of his order is to affirm the findings of Judge Sinclair, his judgment only affecting such former order to the extent of reducing the amount of the allowance.

In *Crews v. Crews,* 175 N. C., p. 169, a case cited and to some extent relied on by appellant, the Court held that, under the statute as it then was, and on issuable facts in bar of plaintiff's right being formally presented in the answer, an allowance for alimony could not be made until the determination of the issues by a jury. At the next session of the Legislature, however, after this decision rendered, and no doubt in consequence of it, the statute was amended so as to permit an award of alimony *pendente lite* for both counsel fees and subsistence, to be realized and secured according to the course and practice of the court. This change in the law, and the effect and purpose of it, was pointed out and applied in *Barbee v. Barbee,* 187 N. C., p. 538, opinion by *Associate Justice Stacy,* and according to the decision of that case, and under the statute as it now prevails, the ruling of the lower court must be approved.

On perusal of the record it appears that the affidavit of the wife, charging adultery on the husband, is submitted as part of her evidence pertinent to the inquiry. As an independent fact, such evidence seems to be absolutely forbidden by the statutes and public policy controlling in the matter. C. S., 1662; *Hooper v. Hooper,* 165 N. C., p. 605. But, apart from this testimony, and on evidence sufficiently supporting them, are the express findings by the court of abandonment on the part of the husband, and of a willful failure to provide for their "necessary subsistence according to his means and condition in life," thus bringing the judgment of the court clearly within the statutory provision on the subject.

There is no error, and the judgment of the lower court is
Affirmed.