### ANNA VINCENT v. UNICE IDRA VINCENT.

(Filed 6 April, 1927.)

**Divorce—Alimony Pendente Lite—Counsel Fees—Statutes—Evidence—Appeal and Error—Record.**

Under express provisions of 3 C. S., 1667, the wife, in her action for divorce *a mensa et thoro,* may apply to the court for alimony or subsistence to be allowed her *pendente lite,* and for her counsel fees in accordance with the value of her husband's estate considered with her lack of separate means. When sufficient allegation is made by her in her complaint, a denial in the answer raising an issue for a later determination of the jury before final decree in the proceeding for the divorce sought by her in her action, and on this appeal by the husband: *Held,* it does not appear of record that he was not afforded opportunity to introduce his evidence, and the temporary order allowing her alimony is sustained.

APPEAL by defendant from *Daniels, J.,* at October Term, 1926, of PERSON.

*Cooper Hall for appellant.*
*Luther M. Carlton for appellee.*

ADAMS, J. The appellee, after due notice to the appellant, filed her petition for alimony without divorce, as provided in 3 C. S., 1667, and at the hearing his Honor found the following facts: The petitioner and the defendant were married on 4 February, 1926, and lived together until 2 June, 1926; the conduct of the defendant towards the petitioner was as alleged in sections three and five of the petition; the defendant is

a farmer, thirty-two years of age, in good health, and has an earning capacity of $600 a year; the petitioner has no property or estate of her own, and will soon be confined. The petition sets out a good cause of action for divorce from bed and board. Upon these facts, it was ordered that the defendant pay the petitioner until the final determination of the cause the amount allowed as subsistence, together with a designated fee for her counsel.

The facts are sufficient to support the order, but the defendant says that the order is invalid because he had no opportunity to be heard, or to produce his evidence, and in support of his contention relies chiefly on the entry in the record that "the defendant offered the following answer and affidavit, which was declined to be heard by the judge."

It is provided in the statute above cited that the wife may institute an action to secure a reasonable subsistence and counsel fees from the estate or earnings of her husband, (1) if he shall separate himself from her and fail to provide for her and their children the necessary subsistence according to his means and condition; (2) if he shall be a drunkard or spendthrift; (3) if he shall be guilty of any misconduct or acts which would be cause for divorce, absolute or from bed and board. The issuable facts raised by the pleadings are to be determined by the jury at the final hearing. *Skittletharpe v. Skittletharpe,* 130 N. C., 72; *Hooper v. Hooper,* 164 N. C., 1; *Crews v. Crews,* 175 N. C., 168. It should be observed, however, that these decisions were made prior to the amendments of 1919, 1921, and 1923. Laws 1919, ch. 24; *ibid.,* 1921, ch. 123; *ibid.,* 1923, ch. 52.

Before the amendment of 1919, there was no provision in the statute for an allowance *pendente lite;* but now there is express provision that pending the trial and final determination of the issues it shall be lawful for the judge to cause the husband to secure for the benefit of the wife and children so much of his estate as may be proper under the circumstances. For the purpose of deciding whether subsistence should be allowed the judge may make a preliminary finding of the facts without prejudice to the rights of the parties to a trial before the jury on the issues joined, although it is not required that the facts be found as a basis for his order. *Price v. Price,* 188 N. C., 640.

In a suit for alimony *pendente lite* under section 1666, the allowance may be made when a married woman applies for divorce, either from the bonds of matrimony or from bed and board, and alleges facts which are sufficient to entitle her to the relief demanded, and are found by the judge to be true upon her application, if she has not sufficient means whereon to subsist during the prosecution of the suit. The judge is not required to determine the issues joined by the pleadings, and usually the only effect of the defendant's answer is to raise the issues. It does

not affect the rule stated by *Walker, J.,* in construing section 1666: "The plaintiff applies for divorce *a mensa,* and sets forth sufficient facts in her complaint which, if finally found to be true, will entitle her to the relief for which she prays, and the judge finds her allegations to be true, and that she has not sufficient means whereon to subsist during the prosecution of the suit, and to defray the necessary and proper expenses thereof. This entitles her to alimony, as ordered by the judge." *Hennis v. Hennis,* 180 N. C., 606. We see no satisfactory reason why a more rigid rule should be applied to section 1667, for its provisions are no less comprehensive than those of 1666. Here, as in *Hennis v. Hennis, supra,* the plaintiff made allegations which, if finally found to be the facts, will entitle her to the relief prayed, and for the purpose of determining her right to subsistence pending the action, the judge found her allegations to be true. Evidently he proceeded on the principle that the defendant's answer simply raised issues to be heard and determined by the jury; that as the burden was on the plaintiff, her allegations were deemed to be denied; and that the evidence which was heard and upon which he based his findings of fact entitle the plaintiff to temporary relief. We find nothing in the record to warrant the conclusion that the defendant was not permitted to introduce other evidence, or that he was denied the due process of law.

The judgment is
Affirmed.