MRS. LILLIE MASTEN v. ARVILLE MASTEN.

(Filed 16 June, 1939.)

**Divorce § 13—In action for alimony without divorce denial of abandonment and failure to support plaintiff raises issues for determination of jury.**

Plaintiff instituted this action for alimony without divorce upon allegations of abandonment of her and the children of the marriage by defendant, and his failure to provide them necessary subsistence. C. S., 1667. In his answer defendant alleged that he separated himself from his wife at her bidding after an altercation to avoid continual abuse, nagging and assaults by plaintiff, and that he had provided plaintiff and their children with a furnished house, paid bills for necessaries and given them cash weekly, and had therefore furnished them with necessary subsistence in accordance with his means in life. *Held:* The answer raises issues of fact determinative of the right to the relief sought, which issues must be submitted to the jury, and the granting of plaintiff's. motion for judgment on the pleadings was error.

APPEAL by defendant from *Phillips, J.,* at November Term, 1938, of FORSYTH.

Civil action for alimony without divorce. C. S., 1667, as amended..

It is admitted that plaintiff and defendant were joined in marriage on 14 October, 1914, and that two children, a son now seventeen years of age, and a daughter now ten years of age, were born to them.

Plaintiff alleges that on 5 September, 1935, after an altercation between her and defendant, as described, defendant left her home and will-

fully abandoned her and their children, and has failed to provide them
with the necessary subsistence according to his means and condition
in life.

Defendant denies that he willfully abandoned plaintiff and their chil-
dren, or that he has failed to provide them with necessary subsistence
according to his means and condition in life. He denies that he has at
any time mistreated the plaintiff. He avers that after difficulties of
the night of 5 September, 1935, plaintiff told him to get his clothes and
leave, and that he did leave and had since remained away in order to
avoid "continual abuse, harassment, nagging and assaults of the plain-
tiff." He further avers that since he left home he has provided as best
he could for plaintiff and their two minor children; that he built a
$3,500 house, on plan approved by plaintiff, in which she and the chil-
dren are now living; that he furnished the house at a cost of approxi-
mately $1,500; that the reasonable rental of the house is $35 per month;
that he has furnished a cow, hogs and chickens, with feed for same; that
he has paid all bills for groceries, doctor, dentist, lights and fuel; that in
addition thereto he has paid to plaintiff $10 per week a part of the time,
and $16 per week at other times, for the use and benefit of herself and
children; and that from time to time he has given the children money
and bought clothes for them.

When the case came on for trial, the plaintiff moved for judgment on
the pleadings. The court, being of opinion and finding as a fact, "that
the defendant has set up in his answer no legal defense to the claim of
the plaintiff for a reasonable amount for the support and maintenance"
of herself and children, allowed the motion and rendered judgment in
favor of the plaintiff, continuing in effect the order for alimony *pendente
lite* theretofore entered in the cause.

Defendant appealed therefrom, and assigns error.

*Ratcliff, Hudson & Ferrell for plaintiff, appellee.*
*Wm. H. Boyer and Roy L. Deal for defendant, appellant.*

WINBORNE, J. Appellant calls in question judgment on the pleadings,
and contends that an issue of fact as to separation and failure to support
is raised. Careful consideration of the pleadings in connection with the
statute and decisions of this Court lend support to appellant's conten-
tion. C. S., 1667; Public Laws 1919, ch. 24, as amended by Public
Laws 1921, ch. 123, and Public Laws 1923, ch. 52. *Crews v. Crews,*
175 N. C., 168, 95 S. E., 149; *Vincent v. Vincent,* 193 N. C., 492, 137
S. E., 426.

The statute provides that the wife may institute an action to have
reasonable subsistence and counsel fees allotted and paid or secured to

REALTY CO. *v.* LOGAN.

her from the estate or earnings of her husband, (1) if he shall separate himself from her and fail to provide her and the children of the marriage with necessary subsistence according to his means and condition in life; or (2) if he shall be a drunkard or spendthrift; or (3) if he shall be guilty of any misconduct or acts which would be cause for divorce, either absolute or from bed and board. These issuable facts when raised by the pleadings are to be determined by the jury at the final hearing. *Crews v. Crews, supra; Vincent v. Vincent, supra.*

In the *Crews case, supra, Hoke, J.,* said: "When these issues are admitted by the parties or properly established to be in applicant's favor, the amount of the alimony and how the same is to be determined, etc., are questions of fact to be determined by the judge, having regard to the condition and circumstances of the parties, including also the separate estate of the wife, if she have any. But where these essential issues are made by the pleadings the right of trial by jury arises to the parties, and it then becomes the duty of the judge to transfer the same for such purposes to the civil issue docket," citing *Skittletharpe v. Skittletharpe,* 130 N. C., 72, 40 S. E., 851; *Cram v. Cram,* 116 N. C., 288, 21 S. E., 197.

In the present case plaintiff alleges that defendant has willfully abandoned her and their children and failed to provide them with the necessary subsistence. Defendant specifically denies the allegation. This raises an issue for the jury.

The judgment below is

Reversed.