EVELYN AMANDA PEELE v. LLOYD THOMAS PEELE.

(Filed 11 October, 1939.)

**Divorce § 11: Constitutional Law § 17—Provisions of C. S., 1667, empowering court to grant subsistence pendente lite is constitutional.**

Defendant's contention that the provisions of C. S., 1667, empowering the court to allow subsistence and counsel fees *pendente lite* to plaintiff in her action for alimony without divorce are unconstitutional as depriving him of a property right without trial by jury is untenable, since he is under duty to support plaintiff until the adjudication of issues relieving him of that duty, and since such allowance by the court does not form any part of the ultimate relief sought nor affect the final rights of the parties.

APPEAL by defendant from *Bone, J.*, at Chambers in Nashville, N. C., 18 May, 1939.   Affirmed.

*Tyler & Jenkins and J. Buxton Weaver for plaintiff, appellee.*
*S. R. Lane, J. A. Pritchett, and J. H. Matthews for defendant, appellant.*

SEAWELL, J.   In this case plaintiff sued for alimony without divorce under C. S., 1667, and applied for subsistence and counsel fees *pendente lite.*   From an order making such allowance, defendant appealed.

The power of the judge to allow alimony and attorneys' fees to the wife *pendente lite* in divorce cases and to find the necessary facts for his guidance in the exercise of that power without the aid of a jury has been long recognized.   C. S., 1666, Michie's Code of 1935.   Observe historical note.   Formerly, in this State, alimony without divorce was a matter of equity jurisdiction.   *Crews v. Crews*, 175 N. C., 168, 95 S. E., 149. The statutory cause of action was created by chapter 193, Public Laws of 1871 and 1872.   Early decisions on this statute settled in the negative the mooted question whether the court had power to pass upon issues raised in the pleadings and grant permanent alimony, since the right to trial by a jury, where final determination of property rights is concerned, is guaranteed by Article I, section 19, of the Constitution.   *Crews v. Crews, supra,* and similar decisions, are confined to this principle and have no concern with allowances of subsistence and attorneys' fees *pendente lite.*

The power to make allowances to the wife for support and counsel fees *pendente lite* in actions for alimony without divorce was given by chapter 24, Public Laws of 1919, Michie's Code of 1935, section 1667.

The defendant challenges this statute as unconstitutional in that, as he contends, it deprives him of a property right without trial by jury, in contravention of the above cited section of the Constitution.

While, of course, it is the privilege of the defendant, if occasion arises, to challenge the constitutionality of both laws, it is difficult to see any distinction in principle between the power given under C. S., 1667, and that exercised without question under the former laws relating to divorce. Compare the following cases, some of which relate to alimony *pendente lite* in divorce cases, and others to allowances for support and counsel fees *pendente lite* in actions for alimony without divorce: *Barbee v. Barbee,* 187 N. C., 538, 122 S. E., 177; *Vickers v. Vickers,* 188 N. C., 448, 124 S. E., 737; *Vincent v. Vincent,* 193 N. C., 492, 137 S. E., 426; *Moore v. Moore,* 185 N. C., 332, 117 S. E., 12; *Taylor v. Taylor,* 197 N. C., 197, 148 S. E., 171; *Massey v. Massey,* 208 N. C., 818, 182 S. E., 446. In actions for alimony and divorce a similar property right, as well as the status of the parties, is also involved.

The power to make these allowances pending the litigation is based, in part at least, on the duty of the husband to support the wife until she has been definitely deprived of the right to such support by her own act or the force of law. Allegation by the husband of some cause which he deems might relieve him does not automatically terminate the duty, even when the gravamen of the action is itself alimony. When facts are investigated and findings made as a guide to the court in the exercise of statutory power to make these allowances, they do not affect the ultimate rights of the parties and do not require reference to a jury. Indeed, it has been held that under C. S., 1667—that is, in actions for alimony without divorce—where the complaint is sufficient in its allegations, the facts need not be found. *Price v. Price,* 188 N. C., 640, 125 S. E., 204; *Vincent v. Vincent, supra.*

In *Holloway v. Holloway,* 214 N. C., 662, 200 S. E., 426 (1939), the rationale of the proceedings receives this comment: ". . . this Court proceeds upon the theory that it would be manifestly unfair to permit a husband to maintain an action which might well stigmatize his wife with foul imputation or deprive her of her marital rights without at the same time requiring him to furnish the necessary funds to enable her to so defend the action as to bring about a fair investigation of the charges and a just determination of the issues. Unless he does so the Court will withhold its aid from him. Unless she answers and defends in bad faith she will not be deprived of the support due her from her husband until a jury has determined the issues adversely to her in a trial in which she has had a fair opportunity, and reasonable means with which to defend herself."

To summarize, the allowances *pendente lite* form no part of the ultimate relief sought, do not affect the final rights of the parties, and the power of the judge to make them is constitutionally exercised without the intervention of the jury.

The order of the court below is

Affirmed.