FAY S. CADDELL v. D. B. CADDELL.

(Filed 6 January, 1953.)

**1. Divorce and Alimony § 14—**

A wife is entitled to alimony without divorce under G.S. 50-16 if the husband separates himself from her and fails to provide her with necessary subsistence according to his means, but the husband in defense may show that in point of fact and legal contemplation the wife separated herself from him.

**2. Same: Appeal and Error § 8—**

Where a suit for alimony without divorce is tried in the lower court on the theory of abandonment, the record and exceptions on appeal will be considered in the light of this theory.

**3. Divorce and Alimony § 14—**

Abandonment within the meaning of G.S. 50-7 (1) as ground for alimony without divorce under G.S. 50-16 is not subject to any all-embracing definition and must be determined in large measure upon the facts of each case, but generally one spouse is not justified in withdrawing from the other unless the conduct of the latter is such as would likely render it impossible for the withdrawing spouse to continue the marital relation with safety, health, or self-respect, and constitute ground in itself for divorce at least from bed and board.

**4. Same—**

In an action for alimony without divorce on the ground of abandonment, an instruction that plaintiff had the burden of proving that the defendant's separation was wrongful, without charging upon what phase or phases of

the evidence defendant's separation would be wrongful, and without defining wrongful except in abstract terms, is insufficient.

**5. Same—**

In an action for alimony without divorce on the ground of abandonment, an instruction that the wife had the burden of showing that the husband's separation from her was free of fault on her part and that she was blameless, is erroneous.

**6. Appeal and Error § 47—**

Where a case has been tried under a misapplication of the pertinent principles of law, the verdict and judgment ordinarily will not be amended, but a new trial will be ordered.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Crisp, Special Judge,* and a jury, at 18 February, 1952, Extra Civil Term, of MECKLENBURG.

Civil action by wife for alimony without divorce under G.S. 50-16.

The plaintiff's complaint as originally filed alleges: (1) marriage of the parties on 1 December, 1931, and (2) "4. That on or about October 27, 1949, the defendant separated himself from the plaintiff and the children of the marriage, and ever since said time has lived separate and apart from the plaintiff and said children. 5. Since the defendant separated himself from the plaintiff he has failed to provide her and their children with the necessary subsistence according to his means and conditions in life."

The defendant by answer admits the marriage and also that on 27 October, 1949, he left the home and has lived separate and apart from his wife since that time. However, by way of defense he alleges, in gist, that for a period of about thirteen months prior to 27 October, 1949, the plaintiff refused to live with him as man and wife and that because of her constant nagging, fussing, false accusations, and other unpleasant conduct, he, the defendant, to gain peace of mind and in the interest of his health and general welfare, "was forced to leave his home and separate himself from the plaintiff."

After the jury was impaneled and the pleadings were read, the defendant demurred *ore tenus* to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, for that "the complaint fails to state or allege that the acts of which the plaintiff complains were without fault," and that "there is no allegation of wrongful or wilful conduct on the part of the defendant." The record discloses no ruling on the demurrer, but rather a motion by the plaintiff to amend the complaint. The amendment, allowed by the court, amends paragraph 4 of the complaint to read as follows: "That on or about October 27, 1949, the defendant, without fault or misconduct on the part of the plaintiff,

wrongfully separated himself from the plaintiff and the children of the marriage, and ever since said time has lived separate and apart from the plaintiff and said children."

In the trial below, much evidence was offered by each side in support of the charges and countercharges alleged in the pleadings, and the case was submitted to the jury on these issues, which were answered as indicated:

"1. Were the plaintiff and defendant married to each other as alleged in the Complaint? Answer: Yes.

"2. Did the defendant wrongfully separate himself from the plaintiff and fail to provide her and the children with necessary subsistence? Answer: Yes.

"3. Was the separation of the plaintiff and defendant caused in whole or in part by the plaintiff's own fault as alleged in the Answer? Answer: Yes."

The plaintiff in apt time excepted to the submission of the third issue.

In charging on the second issue the court instructed the jury that if they found "from this evidence and by its greater weight that the defendant, D. B. Caddell, on or about October 27, 1949, wrongfully separated himself from his wife and children, and that after the separation he failed to provide necessary subsistence for them, if you find those to be the facts from this evidence and by its greater weight, the Court instructs you that you would answer this second issue Yes. If you fail to so find from the evidence, then it would be your duty to answer the second issue No."

The court then made this single reference to the meaning of the word "wrongful": "The Court will give you a definition as to what is meant by 'wrongful.' That word is used in this issue, ladies and gentlemen, and the word 'wrongfully' is defined in Black's Law Dictionary, . . . as follows: 'In a wrong manner, unjustly, in a manner contrary to the moral law or to justice.' "

Passing then to the third issue, the court told the jury "that if a husband and wife separate under this particular section of the statute that I have read to you, and the husband is partly at fault and wife is partly at fault, in whole or in part at fault, that in that event the wife would not be entitled to recover alimony; that she has to be free of fault; . . ."

And in concluding the charge on the third issue, the court instructed the jury "that if you find from this evidence and by its greater weight, the burden being upon the plaintiff so to satisfy you, that she was blameless in the matter, that the separation came about without any fault or provocation on her part, if she has satisfied you by the greater weight of this evidence that these are the facts, the Court instructs you that in that event you would answer the third issue No. If you fail to so find from

the evidence and by its greater weight, then the Court instructs you that you would answer that third issue YES."

Upon the coming in of the verdict, the plaintiff moved to set aside the verdict as to the third issue. The motion was overruled and the plaintiff excepted. Thereupon the plaintiff moved to set aside the entire verdict. Motion overruled and plaintiff excepted.

Judgment was entered on the verdict denying the plaintiff relief and taxing her with the costs, and she appeals, assigning errors.

*Henry E. Fisher for plaintiff, appellant.*
*Elbert E. Foster for defendant, appellee.*

JOHNSON, J. The plaintiff is suing for alimony without divorce under G.S. 50-16.

By the terms of this statute a wife may institute an action to have a reasonable subsistence and counsel fees allotted to her from the estate or earnings of the husband in either of these two general classes of factual situations: (1) "If any husband shall separate himself from his wife and fail to provide her and the children of the marriage with necessary subsistence according to his means and condition in life, or if he shall be a drunkard or spendthrift"; or (2) if he "be guilty of any misconduct or acts that would be or constitute cause for divorce, either absolute or from bed and board, . . ."

Accordingly, where a wife elects to proceed under the first classification of causes mentioned in the statute, it suffices for her to allege and prove (1) the existence of a valid marriage between the parties, and (2) that the husband has separated himself from the wife and failed to provide her (and the children of the marriage) with necessary subsistence according to his means—or instead of the latter, that the husband is a drunkard or spendthrift. *Crews v. Crews,* 175 N.C. 168, 95 S.E. 149.

Nevertheless, where the pleadings place in issue the crucial question whether the husband has separated himself from the wife, there is nothing in the language or meaning of the statute which precludes the husband from proving as a defense that in point of fact and in legal contemplation it was the wife who separated herself from the husband. *Crews v. Crews, supra; Byerly v. Byerly,* 194 N.C. 532, 140 S.E. 158; *Masten v. Masten,* 216 N.C. 24, 3 S.E. 2d 274. And this is so notwithstanding what was said in *Skittletharpe v. Skittletharpe,* 130 N.C. 72, 40 S.E. 851; *Hooper v. Hooper,* 164 N.C. 1, 80 S.E. 64; *Allen v. Allen,* 180 N.C. 465, 105 S.E. 11; and *Shore v. Shore,* 220 N.C. 802, 18 S.E. 2d 353. See also 17 Am. Jur., Divorce and Separation, Sec. 101; Annotation, 19 A.L.R. 2d 1428.

Here it should be kept in mind that Chapter 24, Public Laws of 1919, rewrote the statute (G.S. 50-16) and extended its scope to include as

additional grounds for relief the causes mentioned in the second classification, *i.e.,* misconduct or acts of the husband constituting cause for divorce, either absolute or from bed and board.

In the case at hand it is noted that the plaintiff originally sought relief within the first classification of causes mentioned in G.S. 50-16 by alleging succinctly, and following the language of the statute, that the defendant husband "separated himself from the plaintiff . . . (and) failed to provide her and their children with the necessary subsistence according to his means and condition in life."

The question whether the plaintiff's allegations were sufficient to have withstood the defendant's demurrer *ore tenus* is not presented by this appeal. (But see *Brooks v. Brooks,* 226 N.C. 280, 37 S.E. 2d 909; *Best v. Best,* 228 N.C. 9, 44 S.E. 2d 214.) The plaintiff, rather than hazard a decision on the demurrer *ore tenus,* sought and obtained leave to amend. The amendment charges that "The defendant, without fault or misconduct on the part of the plaintiff, wrongfully separated himself from the plaintiff and the children . . ." It thus appears that the plaintiff sought to adjust her allegations to the point of eliminating all grounds of challenge raised by the demurrer. Whether she was required to go that far is not presented for review. At any rate, the amendment was allowed without objection. It seems to have been accepted by the court and by both litigants as being sufficient in form to transform the plaintiff's cause of action into one charging the defendant with abandonment under G.S. 50-7 (1).

Thereupon the case was tried upon the theory that the burden was upon the plaintiff to satisfy the jury that the separation was wrongful, amounting to an abandonment of the plaintiff by the defendant within the meaning of G.S. 50-7 (1).

As to this, the rule is that the theory upon which a case is tried in the lower court must prevail in considering the appeal and in interpreting the record and determining the validity of the exceptions. *Thrift Corp. v. Guthrie,* 227 N.C. 431, 42 S.E. 2d 601; *Hinson v. Shugart,* 224 N.C. 207, 29 S.E. 2d 694.

Thus, under the theory of the trial, the controlling issue for determination in the court below was whether the defendant's conduct in separating from the plaintiff amounted to an abandonment of the plaintiff.

This Court, in applying the provisions of G.S. 50-7 (1), has never undertaken to formulate any all-embracing definition or rule of general application respecting what conduct on the part of one spouse will justify the other in withdrawing from the marital relation, and each case must be determined in large measure upon its own particular circumstances. Ordinarily, however, the withdrawing spouse is not justified in leaving the other unless the conduct of the latter is such as would likely render

it impossible for the withdrawing spouse to continue the marital relation with safety, health, and self-respect, and constitute ground in itself for divorce at least from bed and board. See 27 C.J.S., Divorce, Sec. 56, p. 603; 17 Am. Jur., Divorce and Separation, Sections 88, 89, and 90; *Brooks v. Brooks,* 226 N.C. 280, bot. p. 284, 37 S.E. 2d 909; *Blanchard v. Blanchard,* 226 N.C. 152, 36 S.E. 2d 919; *Setzer v. Setzer,* 128 N.C. 170, 38 S.E. 731; *Cf. Hyder v. Hyder,* 215 N.C. 239, 1 S.E. 2d 540.

Manifestly, the second issue as framed and submitted, and to which no exception was taken by either party, was sufficient in form to have presented to the jury, under proper instructions, the determinative question at issue.

The record indicates, however, that the trial court attempted to split this controlling issue and submit it to the jury in two subordinate phases. And conceding, without deciding, that under proper issues and appropriate instructions this dual mode of submitting the main issue might have been followed without prejudicial effect, nevertheless we are constrained to the view that the court's instructions as given presented the case in an erroneous light.

First, in respect to the crucial words "wrongful separation" appearing in the second issue and on which the case should have been made to turn, it is observed that the court gave the jury from Black's Law Dictionary an abstract definition of the word "wrongful," but nowhere in the charge did the court tell the jury what in law constitutes a "wrongful separation" or under which phase or phases of the evidence, if so found, the jury should or should not find the separation was wrongful.

And, secondly, in connection with the third issue, it is manifest that the court in telling the jury the wife had "to be free of fault" and that the burden was on her to satisfy the jury from the evidence that "she was blameless," placed on her burdens materially heavier than those imposed by the law.

In the light of the charge as given on both the controversial issues— second and third—indicating a misapplication of the pertinent principles of law, we think the verdict and judgment may not be amended, as suggested by plaintiff, by setting aside the third issue and letting the others stand, because this would unduly prejudice the defendant. Therefore the case will be remanded for another hearing (*Coley v. Dalrymple,* 225 N.C. 67, 33 S.E. 2d 477), and it is so ordered.

New trial.

PARKER, J., took no part in the consideration or decision of this case.