KENNETTE FRAZIER PANHORST v. GEORGE M. PANHORST, JR.

No. 7028SC306

(Filed 5 August 1970)

**Appeal and Error § 31— assignment of error to the charge — contentions of appellant**

> Appellant's challenge to the charge of the trial court was insufficient to merit consideration on appeal, where appellant did not set out in her exception and assignment of error her contention as to what the court should have charged.

APPEAL by defendant from *McLean, J.,* 16 February 1970 Regular Session, BUNCOMBE Superior Court.

This is an action instituted on 14 February 1969 in the General County Court of Buncombe County in which plaintiff wife seeks to recover subsistence and counsel fees from defendant husband. No child was born to the marriage. Trial was by jury in the county court (the district court to become operative in Buncombe County in December 1970), and issues were submitted to and answered by the jury as follows:

"1.   Did the defendant abandon the plaintiff, as alleged in the Complaint?

ANSWER: No.

2.   If so, was such abandonment without adequate cause or provocation on the part of the plaintiff, as alleged in the Complaint?

ANSWER: _____"

Judgment was entered on the verdict denying plaintiff any recovery and she appealed to superior court where the case was reviewed on the record on errors assigned by plaintiff. The superior court entered judgment allowing certain of plaintiff's assignments of error, vacating the verdict and judgment of the county court, and remanding the case for a new trial and further appropriate proceedings.   Defendant appealed to this Court from the superior court judgment.

*S. Thomas Walton and William J. Cocke for plaintiff appellee.*

*Robert E. Riddle for defendant appellant.*

---

Panhorst v. Panhorst

---

BRITT, J.

We have carefully reviewed the record of the trial of this action and are of the opinion that it was free from prejudicial error and that the superior court erred in vacating the county court judgment and ordering a new trial.

Although we have duly considered each of the assignments of error brought forward in the briefs, we deem it necessary to discuss only one of them. On her appeal to superior court, by her assignment of error No. 6, based upon her exception No. 16, plaintiff challenged a portion of the trial judge's jury charge relating to abandonment. It is evident that in this part of the charge the trial judge was following the legal principles declared in *Caddell v. Caddell*, 236 N.C. 686, 73 S.E. 2d 923, but plaintiff insists that the court did not charge as fully as *Caddell* requires. The record discloses that plaintiff indicated the portion of the charge that she assigned as error, but she did not set out in her exception and assignment of error her contention as to what the court should have charged.

In 1 Strong, N.C. Index 2d, Appeal and Error, § 31, pp. 166, 167, we find the following (references to citations omitted) :

"An assignment of error to the court's failure to charge the law and explain the evidence as required by statute is a broadside exception and will not be considered. And an exception to an excerpt from the charge ordinarily does not challenge the omission of the court to charge further on the same or any other aspect of the case. The exception and assignment of error to the failure of the court to charge the law arising on the evidence on a particular aspect should set out the appellant's contention as to what the court should have charged, or the particular matters which the appellant asserts were omitted. Where the exception fails to specify the matters omitted, it cannot be aided by an assignment of error, since the appellee is entitled to be apprised of the theory of the appeal."

The record further discloses that when the trial judge concluded his charge, he inquired of counsel if further instructions were desired, to which inquiry plaintiff's counsel replied: "You covered it very well, Your Honor."  We do not think

plaintiff's challenge of any portion of the jury charge was sufficient.

We hold that the superior court erred in allowing either of plaintiff's assignments of error. The judgment appealed from is reversed and this action is remanded to the Superior Court of Buncombe County for entry of judgment affirming the judgment of the General County Court.

Reversed and remanded.

CAMPBELL and VAUGHN, JJ., concur.