NORMA LEE KUYRKENDALL v. CLARK'S DISCOUNT DEPARTMENT STORE

No. 6921SC299

(Filed 18 June 1969)

**1. False Imprisonment § 3;    Damages § 16—    compensatory damages — instructions**

In action for false imprisonment, trial court's instructions on the issue of compensatory damages that the jury could consider such elements as prospective injuries, bodily pain, injury to fame and character, general impairment of social and mercantile standing, injury to credit, and decrease in earning capacity *are held* erroneous in not being supported by plaintiff's allegations or evidence, the plaintiff testifying, *inter alia*, that she has lost no time from employment nor has her credit been damaged as a result of the incident complained of and that she suffered from a "problem of nerves" for approximately two months.

**2. Damages § 16—    instruction on damages**

It is incumbent upon the trial judge to give the jury sufficiently definite instructions on the issue of damages to guide them to an intelligent determination of the question.

**3. Trial § 33—    instructions**

It is error to charge on an abstract principle of law not supported by the evidence.

APPEAL by defendant from *Seay, J.,* 3 February 1969 Civil Session, FORSYTH County Superior Court.

Norma Lee Kuyrkendall (plaintiff) instituted this civil action to recover compensatory and punitive damages resulting from an alleged false imprisonment of the plaintiff by Clark's Discount Department Store (defendant) on 10 June 1967.

About 7:00 p.m. on Saturday, 10 June 1967, the plaintiff went to the defendant's store located on Peters Creek Parkway in the City of Winston-Salem, Forsyth County, for the purpose of shopping. She left her two children in her automobile, which was parked in the parking lot, while she went into the store. She purchased some anklet socks, and after going through the check-out counter and paying for this purchase, she went into the grocery department. While selecting a can of dog food in this department, a store detective stopped her, showed her a card and said, "Come quietly or make a resistance." The plaintiff testified that she asked him, " 'What did I do?' He did not answer me. Then I accompanied him." She was taken into a private office where inquiry was made as to where she had procured the blouse and slacks which she was wearing. She had inadvertently failed to remove some tags from her clothes when she left her home

that night. These tags were fastened to a string and pinned onto her slacks.

The plaintiff was in the store about thirty-five minutes before she was requested to go to the office. She was in the office about ten minutes before she was permitted to leave.

The following issues were submitted to the jury:

"1. Did the defendant wrongfully and unlawfully restrain the plaintiff of her liberty, as alleged in the Complaint?

ANSWER:   Yes.

2. If so,

(a)   What amount of compensatory damages, if any, is the plaintiff entitled to recover of the defendant?

ANSWER:   $5,000.00.

(b)   What amount of Punitive damages, if any, is the plaintiff entitled to recover of the defendant?

ANSWER:   $5,000.00."

From a judgment of $10,000.00 entered on the answers to the issues, the defendant appealed to this Court.

*Green, Teeter and Parrish by Carol L. Teeter and Harrell Powell, Jr., for plaintiff appellee.*

*Womble, Carlyle, Sandridge and Rice by Allan R. Gitter and Jimmy H. Barnhill for defendant appellant.*

CAMPBELL, J.

The defendant presents twenty-seven assignments of error. However, we will refrain from discussing all of them since we think a new trial is required and many, if not all, of these various assignments of error may not occur again.

[1]   We are of the opinion that the trial judge committed prejudicial error in his charge on the issue of compensatory damages.

In the complaint the plaintiff alleged that by reason of her detention and imprisonment she was "subjected to great indignities, humiliation and disgrace" and "greatly injured in her credit and circumstances, and was caused to suffer such pain in both mind and body, for all of which she has sustained damages in the amount of $25,000.00."

In the evidence offered by the plaintiff to sustain a recovery of compensatory damages, there was no showing of any loss of earnings. In fact, the plaintiff's testimony was to the effect that she lost no time from her employment, and she was still doing the same work which she had been doing at the time of this incident. She testified that she was scared and very nervous and was worried by this incident; she had crying spells for several days thereafter; she went to see a doctor some three or four days thereafter and "he gave me . . . a green liquid nerve medicine. I took one bottle of it"; she lost some sleep during a period of three or four nights because "I was worried about that incident. That problem of nerves, and so forth, lasted around two months"; she felt self-conscious of people looking at her in different stores when she went shopping. A friend of the plaintiff observed her coming out of the defendant's store immediately after this incident. The friend described her at that time as being "real shook up, real nervous. She appeared differently than she had at the time I saw her previous to that in the store at the sock counter. She was real pale and scared to death."

In describing this incident, the plaintiff testified that no one put a hand on her and that

"[o]ther than talking to my friends about it, there wasn't anyone who knew about this incident outside of the detective there in the store. Anyone that learned about this . . . has learned about it from me. As far as my credit rating being damaged, I don't know of that happening. . . ."

She further testified that her "credit hasn't actually been damaged in any way since this incident".

[2] In the light of the allegations in the complaint and the evidence introduced by the plaintiff, it was incumbent upon the trial judge "to give the jury sufficiently definite instructions to guide them to an intelligent determination of the question." *Kee v. Dillingham,* 229 N.C. 262, 49 S.E. 2d 510. *Adams v. Service Co.,* 237 N.C. 136, 74 S.E. 2d 332.

[1] On the issue of compensatory damages, the trial judge instructed the jury that they could consider, in awarding damages, such elements as "prospective" injuries; "bodily pain"; "injury to fame, reputation and character"; "general impairment of social and mercantile standing"; "injury to credit"; "deprivation of use of property"; and "decrease in her earning capacity". The trial judge charged:

"Members of the jury, that verdict may be any amount from one cent to $25,000, or any amount in between."

Neither the allegations in the complaint nor the evidence on behalf of the plaintiff justified the charge as given by the trial judge.

G.S. 1-180 provides:

"No judge, in giving a charge to the petit jury, either in a civil or criminal action, shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury, but he shall declare and explain the law arising on the evidence given in the case. He shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto; provided the judge shall give equal stress to the contentions of the plaintiff and defendant in a civil action, and to the State and defendant in a criminal action."

In *Cummings v. Coach Co.*, 220 N.C. 521, 17 S.E. 2d 662, the trial judge committed prejudicial error by referring to a hospital bill for $118.00 in the charge to the jury when there was no evidence in the record of any such bill.

[3] It has likewise been held to be error to charge on an abstract principle of law not supported by the evidence. *Pressley v. Pressley*, 261 N.C. 326, 134 S.E. 2d 609.

Applying these principles to the instant case, it would seem that the charge of the trial judge failed to give to the jury a rule of damages supported by allegations and evidence.

New trial.

BROCK and MORRIS, JJ., concur.