BARBARA MODE v. RONALD MODE

No. 7025DC26

(Filed 27 May 1970)

**1. Divorce and Alimony § 16—   alimony without divorce — abandonment of wife — evidence of wife's illness**

In the wife's action for alimony without divorce instituted in 1969, the wife alleging that her husband had abandoned her because of her lengthy illness, it was competent and relevant for the wife to testify as to her physical condition from 1964 until the present, her hospital confinements and the number of doctors who treated her, the amount of hospital and medical bills incurred by her and the amount paid by her husband, and her reaction to her husband's infrequent visits and his statement that his feelings for her had changed.

**2. Divorce and Alimony § 16;   Evidence § 44—   alimony without divorce — evidence of wife's health — nonexpert testimony**

In the wife's action for alimony without divorce on the ground that her husband had abandoned her because of her illness, it was competent for a minister to testify that he had observed the wife in the hospital and in her parents' home and had found that she was unable to take care of herself.

**3. Divorce and Alimony § 16—   alimony without divorce — nonsuit**

In the wife's action for alimony without divorce on the ground that her husband had abandoned her because of her lengthy illness, the wife's evidence was sufficient to withstand the husband's motion for nonsuit.

**4. Appeal and Error § 50—   instructions — error rendered harmless by jury verdict**

When the jury returns answers to other issues which establish the rights of the parties irrespective of the answer to the questioned issue, or the rights of the parties are not dependent upon the answer to the issue returned by the jury, any error in the instructions upon such issue is harmless.

**5. Divorce and Alimony § 16;   Trial § 40—   alimony without divorce — submission of issues — harmless error**

Although the evidence in the wife's action for alimony without divorce was insufficient to justify the submission of an issue on whether the husband had offered such indignities to the wife as to render her condition intolerable and her life burdensome, the submission of such issue was not prejudicial to the husband where the jury's answer to the issue of abandonment effectively established the rights of the parties.

**6. Divorce and Alimony § 16;   Trial § 33—   alimony without divorce — duty of husband to support wife — instructions**

In the wife's action for alimony without divorce on the ground that her husband had abandoned her, the trial court, in the absence of a request by the husband, was not required to charge the jury that a husband is under a duty to support his wife only in the home he has provided.

APPEAL from *Snyder, District Judge,* June 1969 Session of BURKE County District Court.

This is an action for alimony without divorce under N.C.G.S. 50-16.2 et seq. instituted by the plaintiff, Mrs. Barbara Mode (Mrs. Mode) alleging that her husband, Ronald Mode (Mode) abandoned her. On 26 February 1969 a hearing was held and an order was entered awarding the plaintiff alimony pendente lite and attorney's fees. Answer was filed by the defendant on 14 March 1969, and the case came on for trial at the 23 June 1969 term of the District Court Division for Burke County.

The evidence for the plaintiff tended to show: The parties were married on 22 December 1963 and rented a house where they made their home until Mode entered military service in 1966. Mrs. Mode continued to rent the house until May, 1968, but did not reside in the house after December, 1967, following an illness and surgery. Mrs. Mode was hospitalized in 1964, 1965, 1967 and 1968 and had several operations for ulcerative colitis and regional enteritis. On 11 January 1968 Mode received a hardship discharge from the military service in order that he could return home to be with and care for his wife. Mrs. Mode testified that at the time he was discharged she was living with her parents and that he came and stayed there with her for a couple of weeks. She testified that he left her parents' home and went to live with his parents. After he left her parents' home he returned to visit her every few days and would stay for only a few minutes each time. He came to see her while she was hospitalized in March, 1968, but did not go to visit her when she was hospitalized in April, 1968. Mrs. Mode testified that she tried to talk with him about returning to their home after she was released from the hospital but that he would not discuss the situation with her at that time. She testified that following her release from the hospital he went to her parents' home and told her "that he did not have any feeling for me and that he could not go back and did not want to go back home with me." On cross-examination Mrs. Mode testified that her husband asked her to go to the home of his parents to recuperate but that she decided to remain in her parents' home since her mother had been instructed by the doctors as to her medication and care. Mrs. Mode requested that her husband give her some support but that he has refused to do so. The defendant has not been to visit his wife since May, 1968.

Following the presentation of the plaintiff's evidence, the defendant made a motion for judgment as of nonsuit, which motion was denied. The defendant presented no evidence.

The trial judge submitted two issues to the jury as follows:

"(1)  Did the defendant abandon his wife?

"(2)  Did the defendant offer such indignities to the plaintiff as to render her condition intolerable and life burdensome?"

The jury answered both issues in favor of the plaintiff and judgment awarding alimony without divorce was signed. The defendant appealed to the Court of Appeals assigning error.

*Simpson and Martin, by Wayne W. Martin and Dan R. Simpson, for the defendant appellant.*

*Byrd, Byrd and Ervin, by Joe K. Byrd and John W. Ervin, Jr., for the plaintiff appellee.*

HEDRICK, J.

[1]  The appellant's first three assignments of error are all related to the admission of evidence offered by the plaintiff and for that reason will be considered together. The assignment is concerned with whether the court committed prejudicial error in allowing the plaintiff to testify regarding her physical condition from 1964 until the present, her hospital confinements and the number of doctors who treated her, the amount of hospital and medical bills incurred by her and the amount that had been paid on said bills by the defendant, and her reaction to her husband's infrequent visits and his telling her that his feelings for her had changed. We have examined this testimony and find no error.

> "The relevancy of evidence is frequently difficult to determine, because men's minds are so constituted that a circumstance which impresses one as having an important bearing on a controverted issue, appears to another to have no probative force. All the authorities are agreed that if the evidence is merely conjectural or is remote, or has no tendency except to excite prejudice, it should be rejected, because the reception of such evidence would unduly prolong the trial of causes, and would probably confuse and mislead the jury, but it is not required that the evidence bear directly on the question in issue, and it is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known to properly understand their conduct or motives, or to weigh the reasonableness of their contentions." *Bank of Union v. Stack,* 179 N.C. 514, 103 S.E. 6 (1920).

In this action the evidence offered through the plaintiff's testimony is competent and relevant. Her action for alimony without

divorce was based upon the husband's abandonment. The causes leading to the abandonment are relevant and proper subjects for inquiry. The plaintiff alleged in her complaint that her illness was the main factor which caused her husband to abandon her. To prevent her from testifying about her illnesses, her hospitalization and the medical bills which accumulated during her illnesses would be to prevent her from proving her allegations.

In *Eggleston v. Eggleston,* 228 N.C. 668, 47 S.E. 2d 243 (1948), the wife instituted an action for alimony without divorce alleging that her husband had abandoned her. Her evidence showed repeated assaults and threats by her husband over a period of years culminating with the assault which resulted in her leaving her husband. In instructing the jury the trial judge limited them, in determining the question of abandonment, to the last incident when the assault occurred which caused the wife to leave the husband's domicile. Our Supreme Court held that such an instruction was erroneous. The plaintiff had the right to rely on the cumulative effect of many years of mistreatment by the husband and her testimony could not be limited to events which occurred immediately prior to the alleged abandonment. This reasoning is applicable to the present case. The illnesses which eventually caused the defendant to abandon his wife did not begin just prior to the separation. His wife had been suffering from these illnesses for many years. These illnesses were known to him and had, in fact, been the basis upon which the defendant asked for and was granted a hardship discharge from military service. The wife was entitled to have the cumulative effect of these illnesses before the jury in her action for alimony without divorce.

[2]   The appellant's next assignment of error is that the defendant was prejudiced by the testimony of the witness Whitmeyer. The record disclosed that Mr. Whitmeyer was pastor of the Hopewell Baptist Church and that he had been this couple's pastor since just after they were married. While he was testifying he was asked the following question:

> "Q.   Directing your attention from the date of Mr. Mode's discharge on January 10, 1968, up through May of 1968, please describe the condition of Mrs. Mode as you personally observed it to be?"

His response was that he visited her several times while she was in the hospital critically ill and that he also visited her in her parents' home after she was released from the hospital where he found that she was unable to take care of herself. It was not error for the court to admit this testimony. "So, the state of a person's

health, his ability to engage in work, his race, the emotions he displayed on a given occasion, whether he was drunk or sober and other aspects of his physical appearance, are proper subjects of opinion testimony by nonexperts." Stansbury, North Carolina Evidence, 2d Edition, Sec. 129.

[3]    The next assignment of error is that the court committed error in overruling the defendant's motion for judgment as of nonsuit at the close of the evidence. It is an established rule in North Carolina that when passing upon a motion for nonsuit the court must consider the evidence in its light most favorable to the plaintiff. The evidence in the present case was clearly sufficient to carry the case to the jury and to withstand the motion for judgment as of nonsuit. The evidence was sufficient to show that the plaintiff had been ill during much of the marriage and that as a result of this illness the defendant abandoned her and has failed to provide any support for her. This assignment of error is overruled.

[4, 5]    The appellant also assigns as error the submission to the jury of issue number two. The evidence was not sufficient for the court to submit an issue to the jury as to whether defendant offered such indignities to the plaintiff as to render her condition intolerable and life burdensome; however, we do not feel that this was prejudicial error. When the jury returns answers to other issues which establish the rights of the parties irrespective of the answer to the questioned issue, or the rights of the parties are not dependent upon the answer to the issue returned by the jury, any error in the instructions upon such issue is harmless. Strong, North Carolina Index 2d, Appeal and Error, sec. 50. This assignment is overruled.

The appellant contends that the court committed error in charging the jury on the issue of abandonment. We have examined the charge by the court and have found no prejudicial error. In *Overby v. Overby*, 272 N.C. 636, 158 S.E. 2d 799 (1968), the Court considered and approved a charge which was substantially similar to the charge in the present case. In that case the Court stated:

"The court correctly placed the burden of proof on this issue and defined abandonment in accordance with decisions of this Court. *Pressley v. Pressley*, 261 N.C. 326, 134 S.E. 2d 609; *Caddell v. Caddell*, 236 N.C. 686, 73 S.E. 2d 923; *Hyder v. Hyder*, 215 N.C. 239, 1 S.E. 2d 540. Appellant's contention that abandonment imports willfulness is, in this case, an exercise in semantics. To the contrary, abandonment requires that the separation or withdrawal be done willfully and without just cause or provocation. The phrase was used in *Workman v. Workman*,

242 N.C. 726, 89 S.E. 2d 390, in holding that a complaint in an action for alimony without divorce under G.S. 50-16 was sufficient, when liberally construed, to withstand demurrer, and has no application here."

**[6]**    The appellant also contends that the court erred in not charging the jury that a husband is under a duty to support his wife only in the home he has provided. The defendant did not make any request of the court that it charge the jury concerning the duty of the husband regarding support. "Where the court adequately charges the law on every material aspect of the case arising on the evidence and applies the law fairly to the various factual situations presented by the evidence, the charge is sufficient and will not be held error for failure of the court to give instructions on subordinate features of the case, since it is the duty of a party desiring instructions on a subordinate feature, or greater elaboration, to aptly tender a request therefor." 7 Strong, North Carolina Index 2d, Trial, sec. 33.

We have carefully considered the appellant's assignments of error and have found no prejudicial error. The judgment of the court below awarding the plaintiff alimony without divorce is affirmed.

Affirmed.

MORRIS and PARKER, JJ., concur.