Matthews v. Lineberry

LISA J. MATTHEWS, BY HER GUARDIAN AD LITEM, RUTH S. BRALLEY v. DALE
RAY LINEBERRY AND DELMAR R. LINEBERRY

No. 7723SC211

(Filed 7 March 1978)

1. Damages § 17— absence from school—taking course over—instructions proper

   In an action to recover for personal injuries sustained by plaintiff in an automobile accident, the trial court did not err in instructing the jury that it could consider plaintiff's loss of time from school and repeating a school course in physical education in determining damages.

2. Damages § 17— jury instructions—maximum and minimum amount stated—no prejudice

   In an action to recover for personal injuries sustained by plaintiff in an automobile accident, defendants were not prejudiced by the trial court's instruction to the jury that they could find the amount of damages to be anywhere from one cent to twenty thousand dollars, since the jury awarded plaintiff damages of only $3500 and the jury's verdict was fully supported by the evidence.

3. Appeal and Error § 38— conference to settle record on appeal—issue not before court on appeal

   Defendants' contention that the trial court erred in instructing on the quantum of proof required by inadvertently interchanging the words "quantity" and "quality" was not before the court on appeal, since that issue was determined adversely to defendants by the trial court at the conference to settle the record on appeal.

APPEAL by defendants from *Seay, Judge.* Judgment entered 8 November 1976 in Superior Court, YADKIN County. Heard in the Court of Appeals 17 January 1978.

The plaintiff instituted this civil action on 13 February 1976, alleging that she had been injured in a collision while riding as a guest passenger in the automobile owned by the defendant, Delmar R. Lineberry, and being operated by his son, the defendant Dale Ray Lineberry. The plaintiff's injuries were alleged to have been caused by the negligence of the defendant, Dale Lineberry. The defendants filed an answer denying the allegations of negligence.

At the trial of the case, the jury returned a verdict in favor of the plaintiff in the amount of $3,500.00. From a judgment for the plaintiff, the defendants appealed.

*Finger, Park & Parker, by M. Neil Finger, Daniel J. Park, and Raymond A. Parker, for the plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter and William C. Raper, for the defendant appellants.*

ERWIN, Judge.

The plaintiff's evidence presented at the trial tends to show that the minor plaintiff was attending school on the date of the accident, 7 September 1974, and was not able to go back to school for approximately 13 days after the accident, because she could not walk and stayed home in bed. The plaintiff was not able to participate in any physical education classes. "I couldn't do some of the activities." The plaintiff had pain in her knee, dropped her physical education classes for the year, and repeated them the following school year.

[1]   In part, the trial court instructed the jury as follows with reference to damages:

> "Damages for personal injury include such amount as you find by the greater weight of the evidence is fair compensation to the Plaintiff for loss of her time from school, and for repeating the course in physical education; and, in determining this amount, you should consider the evidence as to the loss of her time from school, and that which would be involved in repeating the course in physical education."

The defendants contend that the trial court erred in instructing the jury that it could consider the plaintiff's loss of time from school and repeating a school course in physical education where there was no evidence of any monetary loss or other damages relating thereto, or that the court erred, in that, the charge complained of amounted to instructions on an abstract principle of law not supported by the evidence and was, therefore, prejudicial and erroneous.

We do not agree with the defendants' contentions. The assessment of damages must, to a large extent, be left to the good sense and fair judgment of the jury, subject, of course, to the discretionary power of the judge to set its verdict aside, when in his opinion equity and justice so require. *See Walston v.*

Matthews v. Lineberry

*Greene*, 246 N.C. 617, 99 S.E. 2d 805 (1957), followed in *Brown v. Moore*, 286 N.C. 664, 213 S.E. 2d 342 (1975).

25 C.J.S. Damages, § 28 pp. 684-691 states the following regarding uncertainty of damages:

> "The rule as to the recovery of uncertain damages generally has been directed against uncertainty as to fact or cause of damage rather than uncertainty as to measure or extent. In other words, the rule against uncertain or contingent damages applies only to such damages as are not the certain results of the wrong, and not to such as are the certain results but uncertain in amount.
>
> In many cases, although substantial damages are established, their amount is, in so far as susceptible of pecuniary admeasurement, either entirely uncertain or extremely difficult of ascertainment; in such cases plaintiff is not denied all right of recovery, and the amount is fixed by the court or by the jury in the exercise of a sound discretion under proper instructions from the court. This is particularly true of torts, especially those resulting in personal injuries;
> . . .
>
> So, in cases of tort, where there are elements of certainty as to a part only of the damages which have resulted, leaving it apparent that there are actual damages beyond what can be thus accurately measured, plaintiff's recovery is not limited to only as much as can be measured with certainty."

We feel the evidence presented was sufficient to remove the uncertainty, and the charge was proper upon such evidence.

[2] The trial court further instructed the jury:

> "If you answer this issue in any amount, you should award such damages as you find from the evidence and by the greater weight of the evidence is fair compensation for any damage the minor Plaintiff has sustained as a proximate result of the Defendant's negligence. That amount may be anywhere from one cent ($.01) to twenty thousand dollars ($20,000.00), just as you find the facts or the evidence to warrant, applying thereto the law as given to you by the Court."

The defendants contend that this portion of the charge was prejudicial, erroneous, and amounted to an impermissible comment on the evidence. In addition, the defendants contend that there was absolutely no evidence presented at the trial which established a basis for the portion of the charge relating to $20,000.00, and that portion of the charge tends to suggest to the jury that the sum of $20,000.00 was a proper award.

We note that $20,000.00 was the amount which plaintiff alleged in her complaint she was entitled to recover and was the amount for which she sought to recover judgment. If it be conceded that it was error for the judge to mention this figure in the charge, *Kuyrkendall v. Dept. Store*, 5 N.C. App. 200, 167 S.E. 2d 833 (1969), nevertheless in this case, there has been no showing that such error was sufficiently prejudicial to warrant awarding a new trial. The jury returned verdict for plaintiff for only $3,500.00, a fact which clearly indicates that the jury could not have been unduly influenced by the single reference which the judge made in his charge to the figure of $20,000.00. The burden was on the appellants not only to show error but to show that the alleged error was prejudicial. *Gregory v. Lynch*, 271 N.C. 198, 155 S.E. 2d 488 (1967). This, the appellants have failed to do on the present record. Appellants have failed to narrate in the record all of the evidence bearing on the extent of the damages suffered by the plaintiff, but references made to this evidence in portions of the Court's charge to which no exception was taken would indicate that the jury's verdict was fully supported by the evidence. In our opinion, and we so hold, appellants have failed to demonstrate on this record that they suffered sufficiently prejudicial error from the Court's single reference in its charge to the sum of $20,000.00 to justify our awarding a new trial.

[3] The defendants contend that the trial court further instructed the jury as follows:

"The greater weight of the evidence does not refer to the quality but to the quantity and the convincing force of the evidence. . . ."

The record also reveals that at the time the case was settled on appeal that the trial judge indicated to attorneys for the plaintiff and defendants that he had not inadvertently interchanged the words "quality" and "quantity" earlier in the charge. Neither

counsel for the plaintiff nor counsel for the defendants could recall that such error was made.

The record reveals the following:

"At the conference to settle the record on appeal, the question arose as to whether or not the trial Judge, Judge Seay, had inadvertently interchanged the words, 'quality' and 'quantity' earlier in his charge in regards to the quantum of proof and as to whether or not he had been advised of same by the Court reporter. Judge Seay stated that he did not recall any such error or transposing, nor did Counsel for the Plaintiff nor Counsel for the Defendant.

Further at the conference to settle the record on appeal, the Judge stated he did not transpose the words 'quality' and 'quantity' but defined the term greater weight of the evidence 'does not refer to the quantity but to the quality and the convincing force of the evidence, and it means you must be persuaded, considering all the evidence, that the necessary facts are more likely than not to exist.'"

We hold that this assignment of error has been settled by the trial court against the defendants, and therefore, it is not before us.

The judgment appealed from is

Affirmed.

Judges PARKER and VAUGHN concur.